<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re NICHOLAS E. PURPURA,<br><br>Debtor, | Bankruptcy Action No. 20-11243 (CMG)<br>Adversary Proceeding No. 20-1155 (CMG) |
| NICHOLAS E. PURPURA,<br><br>Appellant,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>Appellee. | **ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY**<br><br>**Civil Action No. 20-8259 (MAS)**<br><br>**MEMORANDUM OPINION** |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon pro se Appellant Nicholas E. Purpura's ("Purpura") appeal from two bankruptcy court orders (1) dismissing his adversary proceeding against Appellee J.P. Morgan Chase Bank, N.A. ("Chase"), and (2) denying reconsideration of the dismissal. (ECF No. 1.) Also before the Court are two Motions filed by Purpura, seeking (1) an emergent stay of (i) the reconsideration order, and (ii) an unappealed order denying an extension of the automatic stay imposed by the filing of a bankruptcy petition; and (2) to introduce newly discovered evidence. (ECF Nos. 7, 16.) Chase opposed (ECF Nos. 11, 18) and Purpura replied (ECF Nos. 13, 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the appealed orders are affirmed, and Purpura's Motions are denied.

## I.    BACKGROUND

### A.    Mortgage Default

In 2005, Purpura obtained a $633,750 loan from Washington Mutual Bank ("WaMu") to purchase real property in Monmouth County, New Jersey (the "Property"). *See Purpura v. JP Morgan Chase*, No. 16-3765, 2018 WL 1837952, at *1 (D.N.J. Apr. 18, 2018) *aff'd*, 765 F. App'x 864 (3d Cir. 2019). In 2008, Chase acquired Purpura's loan from WaMu's receiver, the Federal Deposit Insurance Corporation. *Purpura*, 2018 WL 1837952, at *1. Around the same time, Chase initiated a foreclosure action against Purpura after he defaulted on his mortgage. *Id.* at *2. The parties resolved the initial foreclosure action by executing a loan modification agreement. *Id.* In October 2016, Purpura again defaulted on the loan. (Crouch Decl. ¶ 7, ECF No. 11-1.)

### B.    District Court Action

Prior to the second default, Purpura filed a pro se complaint against Chase in the District Court of New Jersey in June 2016, "appearing to allege, inter alia, that his loan was a nullity and that Chase had never held a true interest in the loan." *Purpura*, 765 F. App'x at 866; *see Purpura*, 2018 WL 1837952, at *2. According to Purpura, Chase's claimed interest in the loan was based on "fraudulent documents." *Purpura*, 2018 WL 1837952, at *7 (citation omitted). The district court granted Chase's motion to dismiss Purpura's amended complaint, finding that Purpura (1) lacked standing to challenge the alleged defect in the loan assignment, and (2) failed to sufficiently plead any valid cause of action. *Id.* at *6–7. The court also noted that Purpura did "not allege that he ever paid [Chase] more than the amount due, that he was in danger of having to make duplicate loan payments, or that there had been an entity other than Chase demanding payment on the loan after Chase acquired [the] [l]oan." *Id.* at *7 n.9 (citation omitted). Purpura appealed and the Third Circuit affirmed. *Purpura*, 765 F. App'x at 867–68.

2

C.    **State Foreclosure Action**

In July 2018, while the district court matter was on appeal, Chase commenced a foreclosure action against Purpura in the New Jersey Superior Court. (Superior Ct. Compl. *34–41,[1] Ex. J to Chase's Opp'n Br., ECF No. 11-3.) Purpura filed an answer asserting that Chase lacked standing to foreclose because it lacked a valid interest in the loan. (Answer *60–68, Ex. L to Chase's Opp'n Br., ECF No. 11-3.)

In March 2019, the Superior Court entered an order denying Purpura's motion for summary judgment and granting Chase's motion for summary judgment. (Superior Ct. Order *13, Ex. O to Chase's Opp'n Br., ECF No. 11-4.) In reaching its decision, the court seemingly rejected Purpura's argument that Chase presented a fraudulent assignment of mortgage and a forged adjustable-rate note, and instead found that Chase adequately demonstrated that it possessed both documents. (*See* Summ. J. Hr'g Tr. 3:11-19, 10:1-12, 18:9-13, Ex. O to Chase's Opp'n Br., ECF No. 11-4.) Thereafter, the court denied what appears to be a motion for reconsideration and a motion to stay the case filed by Purpura. (Orders *19–23, Exs. P & Q to Chase's Opp'n Br., ECF No. 11-4.) The record indicates that the Superior Court rejected Purpura's attempt to introduce a purported expert report on the forgery issue in his motion for reconsideration as untimely. (June 23, 2020 Hr'g Tr. 12:10-25, 20:20-25, 24:8-12, ECF No. 1-5.)

In August 2019, the Superior Court issued a final judgment ordering a sheriff's sale of the Property. (Final J. *26–29, Ex. R to Chase's Opp'n Br., ECF No. 11-4.) Purpura appealed both the Superior Court's summary judgment order and final judgment.[2] (Civil Case Information Sheet *33, Ex. T to Chase's Opp'n Br., ECF No. 11-4.) Following multiple emergent applications to stay

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

[2] The state appeal is currently stayed pending resolution of the underlying bankruptcy matter.

the sheriff's sale, the sale of the Property was ultimately scheduled for January 27, 2020. (Crouch Decl. ¶¶ 25–27, 29–33; Order *46, Ex. Z to Chase's Opp'n Br., ECF No. 11-4.) That same day, Purpura filed for chapter 7 bankruptcy, which stayed the sheriff's sale. (Crouch Decl. ¶ 33; Bankr. Action, No. 20-11243.)

### D.    Bankruptcy Action

On March 9, 2020, Purpura filed an adversary proceeding against Chase in bankruptcy court. (Adversary Compl., No. 20-1155, ECF No. 1.) In his adversary complaint, Purpura maintained that Chase lacks a valid interest in the loan. (*See generally* Adversary Compl., No. 20-1155.) Purpura alleged in part that Chase has presented the federal and state courts with a fraudulent assignment of mortgage and a forged adjustable-rate note. (*Id.* ¶¶ 7, 39–40, 67.) In support of the forgery allegation, Purpura submitted the purported expert report that the Superior Court rejected as untimely. (*Id.* ¶ 42; June 2019 Questioned Doc. Examiner Letter *33–41, Ex. 7 to Adversary Compl., No. 20-1155, ECF No. 1-1.) Purpura sought, *inter alia*, to establish title to the Property and a refund of all payments made to Chase after 2008. (Adversary Compl. ¶ 100.)

At a hearing held on May 4, 2020, the bankruptcy court granted Chase's motion to dismiss Purpura's adversary proceeding, finding that the *Rooker-Feldman* doctrine, res judicata, and issue preclusion barred Purpura's claims. (May 4, 2020 Hr'g Tr. 28:3-7, Ex. 1 to Pupura Reply Br., No. 20-1155, ECF No. 20.) In reaching its decision, the bankruptcy court noted that Purpura's adversary complaint raised essentially the same allegations already rejected in the federal and state court proceedings. (*Id.* at 15:15-18, 16:21-25, 21:22-22:1.) The bankruptcy court advised Purpura that his proper course of action is to pursue the pending state court appeal. (*Id.* at 23:5-6.) Purpura instead moved for reconsideration. (No. 20-1155, ECF No. 14.)

4

At a hearing held on June 23, 2020, the bankruptcy court denied Purpura's motion for reconsideration. (June 23, 2020 Hr'g Tr. 27:1-3, No. 20-8259.) During the hearing, Purpura relied on the purported expert report in support of his argument that reconsideration was warranted. (*See id.* at 5:6-10, 12:1-4.) In rejecting that argument, the bankruptcy court noted, and Purpura acknowledged, that the forgery allegations were raised in the state foreclosure matter and that the state court declined to consider the report as untimely. (*Id.* at 12:10-13-5, 20:13-25, 24:7-15.) The bankruptcy court also noted, and Purpura acknowledged, that the alleged forgery and expert report issues may be properly reviewed in the pending state court appeal. (*See id.* at 15:11-16, 19:7-13.)

### E.     Instant Action

On July 6, 2020, Purpura appealed the bankruptcy court's decisions to this Court. (Notice of Appeal, ECF No. 1.) On August 25, 2020, Purpura filed a "Motion for Emergent Stay of the Bankruptcy Court's Order of June 23, 2020 and the Denial of Stay of August 18, 2020."[3] (ECF No. 7.) On October 20, 2020, Purpura filed a Motion to Introduce Newly Discovered Evidence. (ECF No. 16.)

## II.     LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

---

[3] As discussed below, Purpura did not properly appeal the bankruptcy court's August 2020 order denying an extension of the automatic stay.

has been committed." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to de novo, or plenary, review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

It is well-settled that pro se pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'"). Pro se litigants, nevertheless, "still must allege sufficient facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (2013).

## III.   DISCUSSION

### A.   Bankruptcy Court's Order Dismissing Purpura's Adversary Proceeding

On appeal, Purpura does not address the bankruptcy court's holding that the *Rooker-Feldman* and preclusion doctrines bar his adversary proceeding against Chase. Instead, as in the federal and state court proceedings, Purpura maintains that Chase has failed to demonstrate that it properly acquired a valid interest in the loan.[4] (Appellant Br. ¶ 10, ECF No. 10; Statement of Issues ("SOI"), ECF No. 1-3.) Purpura also maintains that Chase's claimed interest is based on a fraudulent assignment of mortgage and a forged note. (Appellant Br. ¶¶ 35, 53–54; SOI ¶¶ 1–2.)

---

[4] As in the prior proceedings, Purpura claims that Chase's purchase assumption agreement alone does not establish that Chase acquired the loan because the document does not identify his property. (*See* Appellant Br. ¶ 58.)

The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a [federal] district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The "party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000).

"The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (collecting cases). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). A bankruptcy court's application of the *Rooker-Feldman* doctrine is reviewed de novo. *Farzan v. Bayview Loan Serv., LLC*, No. 20-3330, 2021 WL 613843, at *3 (D.N.J. Feb. 17, 2021) (citations omitted).

Here, the bankruptcy court correctly concluded that the *Rooker-Feldman* doctrine barred Purpura's adversary proceeding. The first and third elements are met because Purpura lost in the state foreclosure action and subsequently commenced the adversary proceeding in bankruptcy court. Specifically, the Superior Court entered a final judgment against Purpura in August 2019 and Purpura did not file the adversary complaint with the bankruptcy court until March 2020.

(Final J. *27; Adversary Compl. *1.) That the state foreclosure action is pending appeal does not affect the finality of the Superior Court's judgment. *See Kushner v. Specialized Loan Serv. LLC*, No. 19-19626, 2020 WL 5500374, at *4 (D.N.J Sept. 11, 2020) (noting that "a pending appeal does not affect the finality of judgment for *Rooker-Feldman* purposes") (citation omitted).

The essential and "closely related" second and fourth elements are also satisfied in this case. *Great W. Mining*, 615 F.3d at 166, 168 (noting that "the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim"). The second element "inquir[es] into the source of the plaintiff's injury." *Id.* at 166. In his adversary complaint, Purpura alleged that Chase failed to demonstrate a valid ownership interest in the Property. (Adversary Compl. ¶ 7.) According to Purpura, Chase improperly claimed an interest through the use of fraudulent and forged documents. (*Id.* at ¶¶ 39–40, 67, 77 (discussing the adjustable-rate note and assignment of mortgage).) But these recycled "claims are in essence an attack on the state court judgment of foreclosure" because they were already raised and rejected by the Superior Court. *See Gage v. Wells Fargo Bank, NA*, 521 F. App'x 49, 51 (3d Cir. 2013) (finding that a debtor "cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [the creditor's] purportedly fraudulent actions."); *Farzan*, 2021 WL 613843, at *6 (finding the second element was met where the debtor raised similar allegations of fraud).

The Court is mindful that some courts have applied a fraud exception to the *Rooker-Feldman* doctrine and notes that it remains "unclear whether this exception exists within the Third Circuit." *Davis v. Fein Such Kahn & Shepard PC*, No. 18-8560, 2019 WL 1789471, at *5 (D.N.J. Apr. 24, 2019) (observing a circuit split and noting the Third Circuit has applied the exception "'inconsistently' in several unpublished opinions"). Nevertheless, "the fraud exception to *Rooker-*

*Feldman*, if one exists at all, is exceedingly narrow[,]" *Farzan*, 2021 WL 613843, at *7, and "courts are reluctant to recognize the fraud exception" where, as here, Purpura "already raised the fraud argument in the state court action and the state court rejected it[,]" *Davis*, 2019 WL 1789471, at *5 (collecting cases). Based on the foregoing, the Court finds that the second *Rooker-Feldman* element is satisfied.

Finally, as to the fourth element, "the question is whether [Purpura] asks this Court 'to determine that the prior judgment was [in]correctly decided.'" *Farzan*, 2021 WL 613843, at *7 (second alteration in original) (citations omitted). "[T]he relief sought (as opposed to the issues raised) by the federal plaintiff will be particularly significant." *Id.* (alteration in original) (citation omitted). Here, the Superior Court entered a foreclosure judgment in favor of Chase, authorizing the sale of the Property. (Final J. *26–29.) Purpura seeks, *inter alia*, to quiet title to the Property. (Adversary Compl. ¶ 100.) To entertain Purpura's challenge and grant relief would necessarily require the bankruptcy court to review and invalidate the state court judgment, a result that is inconsistent with the *Rooker-Feldman* doctrine. *Nest*, 2016 WL 4541871, at *2. Thus, the Court finds that the fourth *Rooker-Feldman* requirement is satisfied.

Having found that all four elements are met, the Court finds that the bankruptcy court correctly concluded the *Rooker-Feldman* doctrine bars Purpura's claims and, accordingly, affirms the order dismissing Purpura's adversary proceeding.[5]

---

[5] Because the Court finds that *Rooker-Feldman* is applicable, the Court does not reach Chase's argument concerning the preclusion doctrines which, like *Rooker-Feldman*, Purpura also did not address. *See Farzan*, 2021 WL 613843, at *2 n.6 (declining to reach the creditor's remaining arguments, including the preclusion doctrines, after finding that *Rooker-Feldman* applied).

**B.    Bankruptcy Court's Order Denying Reconsideration**

Rule 59(e) governs motions for reconsideration and is applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 9023. *In re Scotto-DiClement*, 463 B.R. 308, 310 (D.N.J. 2012). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation omitted). A judgment, therefore, "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (internal quotation marks and citation omitted). "[R]econsideration is an extraordinary remedy[] that is granted very sparingly." *Kamden-Ouaffo v. Plaza Square Apartments*, No. 17-1068, 2020 WL 1531372, at *3 (D.N.J. Mar. 31, 2020) (first alteration in original) (citation omitted).

Here, as with the *Rooker-Feldman* doctrine, Purpura fails to address the standard for reconsideration. (*See generally* Appellant Br.) To the extent that Purpura relies on the purported expert report for reconsideration, that argument fails because the report was previously available. As the bankruptcy court noted, Purpura already attempted to introduce the report in the state foreclosure matter. (June 23, 2020 Hr'g Tr. 12:10-12-5, 20:13-25, 24:7-1, No. 20-8259.) That the Superior Court declined to consider the report as untimely does not make the report new evidence. To the extent Purpura disagrees with the Superior Court's decision, as Purpura acknowledged, the issue may be reviewed in the pending state appeal. (*See id.* at 15:11-16, 19:7-13.)

Having found that the bankruptcy court correctly applied *Rooker-Feldman*, Purpura also fails to demonstrate the need to correct a clear error of law. To the extent that Purpura may argue that reconsideration is warranted to prevent manifest injustice, that argument also fails. Purpura does not dispute that he obtained the loan at issue and ultimately defaulted. And as the district

court previously noted, Purpura does not suggest that he ever overpaid on the loan or that any entity other than Chase demanded payment on the loan after Chase's acquisition. *See Purpura*, 2018 WL 1837952, at *7 n.9. While Purpura insists that Chase lacks a valid interest in the loan, Purpura does not appear to suggest that he himself is the rightful owner of the loan. It is therefore unclear to the Court who, in Purpura's view, is the rightful owner of the loan. On these facts, the Court finds that Purpura failed to demonstrate exceptional circumstances warranting reconsideration. The Court, accordingly, affirms the bankruptcy court's order denying reconsideration.

### C.    Purpura's Motions

Purpura's first Motion seeks an emergent stay of the bankruptcy court's orders denying (1) reconsideration, and (2) an extension of the automatic stay imposed by the filing of a bankruptcy petition. (Mot. for Emergent Stay, ECF No. 7.)

Having already affirmed the bankruptcy court's orders dismissing Purpura's adversary proceeding and denying reconsideration, the Court denies Purpura's request to stay the reconsideration order as moot.[6]

As to the order denying an extension of the automatic stay, Purpura's request is not properly before the Court because Purpura did not appeal that order. Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal must be filed within fourteen days after the entry of the order being appealed. Fed. R. Bankr. P. 8002(a). A "failure to file a timely notice of appeal

---

[6] In determining whether a stay is warranted, courts apply a similar standard used for preliminary injunctions: (1) "the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; (2) "the applicant will be irreparably injured absent a stay"; (3) issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) the public interest weighs in favor of a stay. *S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 771 (3d Cir. 2019) (citations omitted).

amounts to a jurisdictional defect and bars district court review of a bankruptcy appeal." *DeSoto v. Norris McLaughlin & Marcus, P.A.*, No. 11-646, 2011 WL 1431883, at *1 (D.N.J. Apr. 14, 2011). Here, the bankruptcy court issued the order denying the stay on August 19, 2020, which is after Purpura already initiated this appeal. (Adversary Proceeding, No. 20-1155, ECF No. 40.) Purpura did not file a notice of appeal as to the order denying the stay and instead requested the stay for the first time in the present Motion. Even there, Purpura does not directly address the requested stay and instead rehashes his prior arguments. (*See generally* Mot. for Emergent Stay.) The Court, therefore, also denies Purpura's request to stay the unappealed order.

Finally, Purpura's second Motion seeks to introduce purported new evidence. (Evid. Mot., ECF No. 16.) Specifically, Purpura seeks to introduce two documents: "a 'Receiver's Deed' form to be filled in and recorded by the Creditor, and the 'Limited Power of Attorney' (LPOA) form to be filled in and recorded with the conveyance document." (*Id.* at *4.) Purpura asserts that Chase "never executed and recorded either of these documents[.]" (*Id.*) Purpura also avers that the documents were not available until September 25, 2020. (*Id.*) The scope of review on appeal, however, is generally limited to issues raised before the bankruptcy court. *In re Lin v. Sharer*, No. 15-8039, 2016 WL 4445750, at *2 (D.N.J. Aug. 22, 2016) (collecting cases). Here, Purpura did not attempt to introduce the purported new evidence to the bankruptcy court. Importantly, Purpura is again seeking to dispute whether Chase properly acquired the loan. The district court, however, already found that Purpura has no standing to challenge the loan assignment. *Purpura*, 2018 WL 1837952, at *6. The Court, accordingly, denies Purpura's Motion to introduce the allegedly newly discovered evidence.

## IV.   CONCLUSION

For the foregoing reasons, Purpura's appeal is denied and the bankruptcy court's appealed orders are affirmed. In addition, Purpura's Motions are denied. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

13